# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: S.S. and R.S.

No. **17-0815** (Webster County 17-JA-8 & 17-JA-9)

**FILED**

**December 1, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother M.S., by counsel Christopher G. Moffatt, appeals the Circuit Court of Webster County's May 17, 2017, order terminating her parental rights to S.S. and R.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Mary Elizabeth Snead, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues the circuit court erred in (1) adjudicating her as an abusing parent, (2) terminating her parental rights when less-restrictive alternatives were available, and (3) denying her post-termination visitation.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Prior to the initiation of the underlying proceedings, the circuit court terminated the children's biological parents' parental rights because of their abuse of controlled substances. Thereafter, petitioner and her husband, V.S., the children's biological grandparents, legally adopted the children. In April of 2014, the West Virginia State Police ("WVSP") conducted a controlled drug buy, during which V.S. sold drugs to a confidential informant in petitioner's home while the children were present. The DHHR received a referral that V.S. was selling "pain pills" in the presence of the children. The DHHR investigated the referral with the assistance of the WVSP and V.S. admitted to selling "pain pills" in the home. Subsequently, V.S. was arrested and charged criminally with six counts of delivery of a controlled substance.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

In January of 2015, V.S. pled guilty to two counts of delivery of a controlled substance related to the April of 2014 arrest. The circuit court sentenced V.S. to a term of incarceration of two to thirty years, and denied his motion for probation and/or home incarceration. Several days later, the circuit court held a dispositional hearing in which it terminated only V.S.'s custodial rights to the children. Furthermore, the circuit court ordered that V.S. could not reside with the children and that he must petition the court for visitation upon his release from incarceration. The circuit court also ordered petitioner to prohibit any contact between V.S. and the children. Petitioner was a non-abusing parent in those proceedings.

In April of 2016, the circuit court held a hearing on V.S.'s motion seeking permission to move back into the family home upon his release from prison. The circuit court denied his request. Petitioner was present at this hearing and aware that the circuit court prohibited V.S. from having contact with the children. V.S. appealed the order terminating his custodial rights and prohibiting him from living with the children. We affirmed the circuit court's decision. *See In re: S.S. & R.S.*, No. 15-0254, 2015 WL 6181419 (W.Va., Oct. 20, 2015)(memorandum decision).

In January of 2017, the DHHR filed a new abuse and neglect petition against petitioner and V.S., alleging that the DHHR received a referral that V.S. was seen at the family home, against court orders. A Child Protective Services ("CPS") worker responded to the home and observed V.S. alone with R.S. The CPS worker contacted petitioner, who responded that V.S. had been "set up" when he was arrested for selling drugs and that he was a good father. An investigation revealed that V.S. moved into the home after being released from prison in November of 2016. The DHHR alleged that petitioner failed to protect the children by exposing them to V.S.

In February of 2017, the circuit court held an adjudicatory hearing, during which it took judicial notice of the prior abuse and neglect proceedings. The circuit court found that it had prohibited V.S. from contacting the children after his custodial rights were terminated and that it had enjoined petitioner from permitting such contact. Further, the circuit court previously denied V.S.'s motion seeking permission to move into the family home and that petitioner "knew [V.S.] was not supposed to move back into the house." Despite knowing that V.S. was prohibited from contacting the children, petitioner allowed him to move into the family home and reside there. Accordingly, the circuit court adjudicated petitioner as an abusing parent.[2]

In April of 2017, the circuit court held a dispositional hearing, during which petitioner requested an improvement period. The DHHR presented the testimony of a CPS worker and the treating psychologist from the prior and instant proceedings. The psychologist testified that child

---

[2]While the parties refer to petitioner as "an abusive and neglectful parent," we note that the phrase "neglectful parent" does not appear in the statutory framework for abuse and neglect proceedings in this State. Instead, West Virginia Code § 49-1-201 defines "abusing parent" as "a parent . . . whose conduct has been adjudicated by the court to constitute child abuse *or neglect* as alleged in the petition charging child abuse *or neglect*." (Emphasis added.) As such, the Court will refer to petitioner as an "abusing parent" in this memorandum decision, as that phrase encompasses parents who have been adjudicated of abuse and/or neglect.

S.S. told her of a conversation she had with petitioner wherein petitioner acknowledged that V.S. was not supposed to move into the home but she did not think anyone would "report" them. S.S. also expressed her concern that her sister would go through this ordeal again, were she placed back in petitioner's custody. Both witnesses testified that they recommended termination of petitioner's parental rights based on the fact that she knew V.S. was prohibited from contacting the children and allowed him to move into the home despite court orders prohibiting such. The circuit court found that petitioner was not credible and did not accept her explanations as to why she thought V.S. would be allowed in the home. The circuit court found no reasonable likelihood that petitioner could correct the conditions of abuse and, accordingly, terminated her parental rights to the children.[3] The circuit court also denied petitioner post-termination visitation. It is from the May 17, 2017, dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in adjudicating her as an abusing parent. We find no merit in petitioner's argument. The record in this matter is clear that petitioner voluntarily stipulated to several of the allegations against her. In fact, the record shows that the circuit court explained to petitioner that her attorney could proceed with a contested adjudication if she desired. However, petitioner knowingly admitted to certain portions of the allegations. While the record indicates that petitioner was "reserving the right to argue that those allegations did not constitute abuse or neglect of the children[,]" on appeal, she cites nothing in the record indicating that she raised the issue of the sufficiency of the allegations against her or presented evidence challenging the finding that she was an abusing parent. As such, petitioner has waived her right to raise this issue on appeal. *See State v. Jessie*, 225 W.Va. 21, 27, 689 S.E.2d 21, 27 (2009) ("This Court's general rule is that nonjurisdictional questions not raised at

---

[3]Following the termination of his custodial rights, the adoptive father's parental rights to the children were terminated in *In re: S.S. & R.S.*, No. 17-0552, 2017 WL 4773079 (W.Va., Oct. 23, 2017)(memorandum decision). S.S. has turned eighteen years old since this appeal was filed. R.S. is currently in the custody of a relative with the goal of adoption in that home.

the circuit court level will not be considered to the first time on appeal."). Based on the record, petitioner knowingly and voluntarily stipulated to the allegations against her. For these reasons, the Court finds that petitioner is entitled to no relief in regard to adjudication in this matter.

Further, this Court finds no error in the circuit court's termination of petitioner's parental rights. Petitioner argues that less-restrictive alternatives than termination existed, specifically referencing an improvement period. However, we have often noted that the decision to grant or deny a parent's motion for an improvement period in an abuse and neglect proceeding is a discretionary decision left to the sound judgment of the circuit court. *See* Syl. Pt. 2, in part, *In re Lacey P.*, 189 W.Va. 580, 433 S.E.2d 518 (1993) (stating that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements."). Further, the circuit court correctly terminated petitioner's parental rights upon a finding that there was no reasonable likelihood that petitioner could correct the conditions of abuse in the near future. We have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). In this case, the circuit court noted that petitioner was aware that the children's lives had been disrupted due to drug activity, first by their biological parents and then by V.S. Petitioner was present at the hearing wherein the circuit court denied V.S.'s motion seeking permission to move back into the home. The circuit court ultimately found that petitioner's explanations for why she allowed V.S. to move back into the home were unpersuasive. As such, we agree with the circuit court's findings that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected and termination was necessary for the children's welfare.

Finally, petitioner argues that the circuit court erred in denying her post-termination visitation with the children because she had a strong bond with the children and it was in their best interest to continue to have access to petitioner. Upon our review, the Court finds this assignment of error to be without merit. We have previously held that

> [w]hen parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest. Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 11, *In re Daniel D.*, 211 W.Va. 79, 562 S.E.2d 147 (2002).

In this case, the circuit court heard evidence from the children's therapist that it would not be in the child R.S.'s best interest to participate in post-termination visitation with petitioner if she did not also see V.S. The therapist testified that, given R.S.'s young age, visiting only petitioner would lead to confusion and that she would be able to better adjust and move forward in life if there were no post-termination visitation. While S.S. is now eighteen years old, at the time of the dispositional hearing, the therapist testified that S.S. was nearly eighteen years old and that the circuit court should not force her to visit petitioner against her wishes. S.S. had expressed to the therapist that she would decide that issue upon turning eighteen. As such, based on this evidence, we find no merit in petitioner's argument that she should have been granted post-termination visitation.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 17, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: December 1, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker